IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PASQUALE TURSI and** | : | **CIVIL ACTION** |
| **HELEN TURSI,** | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **LIBERTY MUTUAL GROUP, et al.,** | : | **NO. 11-6819** |
| Defendants. | : | |

## SCHEDULING ORDER

AND NOW, this 17th day of January, 2012, after receiving information that this case is eligible for arbitration, it is hereby ORDERED that the case shall proceed on the following schedule:

1.  All discovery shall proceed promptly and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed no later than ninety (90) days after the date of the last answer to the complaint is filed as set forth in Local Rule of Civil Procedure 53.2.4.A. No discovery will be allowed after the arbitration, except after there has been a duly perfected demand for trial *de novo* and upon order of this Court and upon good cause shown as to why the discovery requested could not have been reasonably anticipated and completed prior to arbitration.

2.  No later than the discovery deadline set forth in Paragraph 1 above, the parties shall identify and submit curriculum vitae for all expert witnesses on liability and damages who have not yet been identified; serve opposing parties with reports and/or responses to expert witness discovery for all such expert witnesses; and complete any discovery depositions of expert witnesses.

3.	No later than the discovery deadline set forth in Paragraph 1 above, any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses.

4.	Any summary judgment or <u>Daubert</u> motions shall be filed and served no later than thirty (30) days prior to the date of the arbitration trial set forth in the Clerk of the Court's notice to the parties. Responses to any such motions shall be filed and served within the time provided under the Local Civil Rules of this Court. The Court directs all counsel and unrepresented parties to review the Court's General Pretrial and Trial Policies and Procedures on the Court's website[1] in order to be familiar with the Court's requirements with respect to summary judgment motions. To that end, the Court directs the parties that, in both their submissions and responses, controlling legal opinions rendered by the United States Supreme Court and the Court of Appeals for the Third Circuit <u>shall be cited to and discussed</u>, whenever possible, to defend arguments in support of and/or in opposition to the motion for summary judgment.

Two copies of any such motions and responses shall be served on the Court (Chambers, Room 10613) when the originals are filed.

As set forth in Local Rule of Civil Procedure 53.2.4.C, a summary judgment motion filed on or after the issuance date of the Court's Order Referring Case to Arbitration and Appointment Arbitrators "shall not stay the arbitration unless the judge so orders." In the event that any party files a summary judgment motion on or after such an issuance date, the Court shall *not* order a

---

[1] http://www.paed.uscourts.gov/documents/procedures/prapol.pdf

stay of the arbitration, absent a granted motion for a stay of the arbitration with a showing of good cause.

No dispositive motions will be considered if filed after the arbitration unless there has been a duly perfected demand for trial *de novo* and the Court grants a party leave to file a dispositive motion upon an application for such leave with showing of good cause.

5. In the event there is a duly perfected demand for trial de novo after an arbitration award:

    a. Within seven (7) days after the demand for trial de novo is entered on the docket by the Clerk of Court, a conference to discuss setting a date certain for the trial de novo shall be scheduled with the Honorable Gene E.K. Pratter in Chambers, Room 10613, in the United States Courthouse, 601 Market Street, Philadelphia, PA 19106. Lead trial counsel is required to appear at the conference. If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

    b. Within ten (10) days after the demand for trial de novo is entered on the docket by the Clerk of Court, counsel for each party shall serve upon counsel for all opposing parties the original or a copy of each exhibit they expect to offer at the trial de novo.

    c. Within twenty (20) days after the demand for trial de novo is entered on the docket by the Clerk of Court, all parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c). One (1) copy of each Pretrial Memorandum shall be served on the

Court (Chambers, Room 10613) when the original is filed.

Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the admissibility for any reason (except relevancy) of any evidence expected to be offered; or (c) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection.

  d. Within twenty (20) days after the demand for trial de novo is entered on the docket by the Clerk of Court, the parties jointly shall submit to the Court (Chambers, Room 10613) a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1 (d)(2)(b)(2). The original shall be filed with the Clerk of the Court.

6. Unless the Court after notice to the parties sets a different trial date in accordance with Local Rule of Civil Procedure 53.2.7, this case will be called for trial within ninety (90) days after the demand for trial de novo is entered on the docket by the Clerk of Court. The case will be tried to a jury.

7. As to the trial de novo, if any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of the appropriate counsel or unrepresented party prior to trial for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

8. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at the

trial de novo of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial de novo, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections is also required.

      9.    Unless the Court requires otherwise, at least three (3) days before the before the trial de novo date, each party shall submit to the Court (Chambers, Room 10613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions in limine, and (e) a trial memorandum setting forth the issues of fact and law involved in the case with a detailed discussion of legal authorities.  The originals shall be filed with the Clerk of the Court.

      If a model jury instruction taken, for instance, from the Third Circuit Model Instructions, O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified.  If a party modifies a model jury instruction, the modification shall be set with additions underlined and deletions placed in brackets.

      10.    At least three (3) days before the trial de novo date, the parties shall submit to the Court (Chambers, Room 10613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief

statement of cause(s) of action and the essential elements of each cause of action; and, (c) a brief statement of the defense(s) and the essential elements of each affirmative defense.  The statement of the case should not exceed two (2) pages in length.

11. At least three (3) days before the trial de novo date, counsel and unrepresented parties are to supply the Court with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which briefly describes each exhibit.

12. EXTENSIONS OF TIME:  Any necessary application for extension of any time deadlines, change in conference(s) or trial date(s) set forth in this Order shall be made in writing and submitted to the Court no later than seven (7) days prior to the date sought to be changed or extended.  Any such request shall include a factual verification of counsel or unrepresented party or witness showing good cause for the request, shall contain a statement of the position of all other parties as to the request, and, if the request relates to a discovery deadline, shall recount what discovery the parties have thus far accomplished.

13. All counsel and unrepresented parties are expected to review the Court's General Policies and Procedures available on the Court's website at www.paed.uscourts.gov concerning the conduct of the litigation, including trial.  Any counsel or unrepresented party desiring a hard copy of this document may call the Court's Civil Deputy at 267-299-7350, to request a copy.  These Policies and Procedures address many issues that frequently arise during the pendency of cases, and all counsel and unrepresented parties are expected to follow those procedures in spirit and in fact.

14. All counsel shall take such steps and undertake such procedures and processes so as to assure their use of the electronic docketing and document availability and retrieval systems operated by the Eastern District of Pennsylvania available from the Court.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge